IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Julio Cesar Alonso,<br><br>    Plaintiff,<br><br>v.<br><br>    and<br><br>Onirem Investments, LLC.<br>and Joel Merino,<br>    Defendants. | Case No. 2:23-cv-132 |

## COMPLAINT

Plaintiff, Julio Cesar Alonso ("Plaintiff"), by and through their attorneys, Daniel I. Schlade and James M. Dore, complain against Onirem Investments, LLC. ("Defendant" or "Onirem") and Joel Merino, ("Defendant" or "Joel"). Onirem and Joel may collectively be referred to as "Defendants". In support of this Complaint, Plaintiff states:

## Introduction

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendants' failure to pay overtime wages owed.

## Parties

2. Plaintiff is a resident of Blue Island, Illinois; and he was employed by Onirem and Joel.

3. Onirem is a business that is located, headquartered, and conducts business in Merrillville, Indiana.

4. Joel is the owner and President Of Onirem, and they are in charge of its employees. On information and belief, Joel is a resident of Merrillville, Indiana.

5. Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce. Additionally, they have more than three employees.

## Jurisdiction And Venue

6. The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the NORTHERN District of Indiana because all underlying facts and transactions occurred in or about Lake County, Indiana.

## Facts Common To All Claims

8. Onirem is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

9. Joel is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiff's head "boss" at Onirem; (2) they had the power to hire and fire the employees, including Plaintiff; (3) they supervised and controlled Plaintiff's work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

## COUNT I: VIOLATION OF THE FLSA

10. Plaintiff reincorporates by reference Paragraphs 1 through 9, as if set forth in full herein for Paragraph 10.

11. Plaintiff began working at Onirem in or before October 18, 2021 through October 2022.

12. At all times, Plaintiff held the same position at Onirem, they were a labor. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform painting, dry wall services and installation of laminates, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

13. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 77 hours per week.

14. Plaintiff was paid their wages on a(n) weekly basis.

15. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

16. Plaintiff's rate of pay was $24 per hour until January 2022 when he was raised to $30 per hour.

17. Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

18. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

19. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

20. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this

amount includes:

(i) $26,640.00 in unpaid overtime wages; (ii) liquidated damages of $26,640.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit A.

## COUNT II: INDIANA WAGE PAYMENT STATUTE CLAIMS

21.     Plaintiff incorporates by reference Paragraphs 1-20, as if set forth in full herein for this Paragraph 21.

22.     Plaintiff has a statutory wage claim arising under the Indiana Wage Payment Statute, I.C. 22-2-5. By way of this Claim, Plaintiff is seeking all available damages, including all unpaid wages, all underpaid wages, all available liquidated (treble damages), all attorney's fees, costs and expenses, plus any other damage to which Plaintiff may be entitled pursuant to law.

23.     Pursuant to I.C. 22-2-5-2, Plaintiff is seeking payment of unpaid wages, underpaid wages, plus all available damages, including, but not limited to, double the amount of wages due as an additional monetary damage, plus all attorney's fees, costs and expenses. Plaintiff further expressly asserts and alleges that Defendants acted in bad faith, and certainly was not acting or seeking to comply with the Indiana Wage Payment Statute in "good faith," when they intentionally refused to pay overtime and minimum wages, all of which resulted in underpaid wages.

### Request for Relief

**WHEREFORE**, Plaintiff respectfully prays for an Order:

a.     Finding that Defendants willfully violated the applicable wage provisions of the FLSA and by failing to pay all required wages to Plaintiff;

b.     All damages available under the Indiana Wage Payment Statute, including all unpaid wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

c.	Granting judgment in favor of Plaintiff on their FLSA claims;

d.	Awarding compensatory damages to Plaintiff in an amount to be determined;

e.	Awarding pre-judgment and post-judgment interest to Plaintiff;

f.	Awarding liquidated damages to Plaintiff;

g.	Awarding all costs and reasonable attorney's fees incurred prosecuting the claims;

h.	Awarding appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

i.	Awarding any further relief the Court deems just and equitable; and

j.	Granting leave to add additional case plaintiff(s) by motion, the filing of written consent forms, or any other method approved by the Court.


					Julio Cesar Alonso

					s/Daniel I. Schlade
					Attorney For Plaintiff

Daniel I. Schlade (ARDC No. 6273008)
James M. Dore (ARDC No. 6296265)
Attorney For Plaintiff
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-942-9415 x 103
Email:
	dschlade@justicialaboral.com
	danschlade@gmail.com


**PLAINTIFF DEMANDS TRIAL BY JURY**