UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JULIO CESAR ALONSO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO.: 2:23-CV-132-PPS-JPK |
| ONIREM INVESTMENTS, LLC and JOEL MERINO, | ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

This matter is before the Court on "Plaintiff's Second Motion for Extension of Time For Service Pursuant to Fed. R. of Civil Pro. Rule 4 and Indiana Rules of Trial Procedure Rule 4.1" [DE 11], and "Plaintiff's Motion for Alternative Service" [DE 12]. The first motion requests a further extension of the deadline to serve Defendants and the second motion seeks leave to serve Defendants by alternative means, namely "via certified mail and regular mail" to 3556 W. 73rd Ave., Apt 2, Merrillville, IN 46410, and to 7510 Marshall St., Merrillville, IN 46410. [DE 12 ¶ 10]. For the reasons explained below, Plaintiff's motion to extend the deadline is granted and his motion for alternative service is taken under advisement.

**BACKGROUND**

Plaintiff filed this action on April 19, 2023, asserting a claim for unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Indiana Wage Payment Statute, I.C. 22-2-5. [DE 1]. The complaint alleges that Defendant Onirem Investments, LLC ("Onirem") is a business located, in Merrillville, Indiana, and that Defendant Joel Merino ("Merino") is the owner and President of Onirem, who, on information and belief, is a resident of Merrillville, Indiana. [*Id.* ¶¶ 3-4]. Plaintiff represents that Marino is also the registered service

agent for Onirem. [DE 7 ¶ 2]. Summonses were issued on April 20, 2023 to Onirem and Merino, both at the address 7510 Marshall Street, Merrillville, Indiana 46410, but were returned by a special process server ("SPS")[1] unexecuted on June 7, 2023, with the following explanation:

> I knocked on the door[;] no answer at the door. I knocked a few more times still getting no answer at the door. I was not able to hear anyone sounds [sic] coming from inside the home. No signs of anyone being here at this time. Attempts were made at this address; however no contact could be made with the defendant at this address. There is no evidence that the property is vacant.
>
> Attempts Made: 4/24/2023 1:53 PM, 4/26/2023 8:02 AM, 4/30/2023 7:51 AM, 5/1/2023 6:04 PM, 5/7/2023, 3:42 PM, 5/13/2023 7:23 PM.

[DE 3, 4, 5].[2]

On July 20, 2023, Plaintiff filed his first motion for extension of time to serve Defendants, stating that he was working diligently to serve Defendants and that he had located an alternative address for service at 3556 W 73rd Ave. Apt. 2, Merrillville, Indiana 46410-3717. [DE 7 ¶ 3]. The

---

[1] *See* Ind. R. Trial P. 4.12(A) ("Whenever service is made by delivering a copy to a person personally or by leaving a copy at his dwelling house or place of employment as provided by Rule 4.1, summons shall be issued to and served by the sheriff, his deputy, or some person specially or regularly appointed by the court for that purpose.").

[2] Plaintiff's current motion for alternative service provides additional details regarding the attempts at serving Defendants at the 7510 Marshall Street address, the source of which is not disclosed but the Court assumes is the SPS. For the attempted service on 4/24/2023 1:53:00 PM, the SPS wrote that the address was "not a business. This is home. I knocked on the door and after several attempts knocking on the door I got no answer at the door. I could not hear any sounds coming from within. Blinds are all closed at this time. No signs of anyone being here." [DE 12 at 1-2]. The SPS made the same comments for the attempted services on 4/26/2023 8:02:00 AM, 4/30/2023 7:51:00 AM, and 5/7/2023 3:42:00 PM. [*Id.* at 2]. For the attempted service on 5/1/2023 6:04:00 PM, the SPS stated that the blinds were still closed and there was no answer at the door upon knocking, but added the following additional comment: "I could hear the tv on inside of the home but was not able to hear anyone else. Unknown if anyone is inside or not at this time." [*Id.*]. And for the final attempted service on 5/13/2023 7:23:00 PM, the SPS stated that there was no answer at the door, no sounds were heard coming from inside, and there were no signs of anyone being there "at this time," but also that "[t]here is no evidence that the property is vacant." [*Id.* at 2-3].

2

Court entered an order extending the deadline for Plaintiff to serve Defendants to September 25, 2023. [DE 8]. Returns of service were filed on September 8, 2023 showing that the SPS's attempts to serve the summonses[3] and complaint on both Defendants at 3556 W. 73rd Ave., Apt. 2, Merrillville, Indiana 46410 also were unsuccessful. The SPS stated as follows:

> Attempts were made at this address; however no contact could be made with the defendant at this address. I knocked on the door[;] no answer at the door. I knocked a few more times still getting no answer at the door. I could hear a tv on playing the news from Chicago.
>
> Attempts Made: 7/22/2023 9:43 AM, 7/24/2023 7:18 PM, 7/26/2023 5:31 PM, 7/30/3034 9:27 AM

[DE 9, 10].

On September 26, 2023, Plaintiff filed the instant second motion for extension of time to serve Defendants requesting an additional sixty days to execute service pursuant to Fed. R. Civ. P. 4 and Indiana Rules of Trial Procedure 4.1. [DE 11]. Plaintiff also filed a motion for alternative service in which he states that the "'SPS' has made several attempts throughout the last months to serve Defendant[s] or get additional information on their whereabouts," and that Plaintiff filed the second motion for extension of time for service because he "believes we have an address, but no service has been effected yet." [DE 12 ¶ 6]. Although he does not explain the statement that he "believes we have an address," the Court infers that Plaintiff is referring to the two addresses where service already has been attempted because Plaintiff requests that he be allowed to serve Defendants via certified mail and regular mail to both of those addresses. Plaintiff states also

---

[3] There is no indication on the docket that Plaintiff asked the Clerk to reissue the summonses with the new address to be used in serving Defendants, but the return of service shows that service was attempted at that address.

without further explanation[4] that, although "Defendants have not been present at either known address for them on multiple occasions and attempts for service," the requested certified mail and regular mail "is reasonably calculated to give Defendants actual knowledge of the proceedings and provide them an opportunity to be heard." [*Id.* ¶ 11]. Plaintiff also states, without further explanation, that "[a] thorough inquiry has been made to determine the best location to serve Defendants," and that the "proposed procedure … will certainly inform Defendants of these proceedings." [*Id.* ¶ 12].

## DISCUSSION

Federal Rule of Civil Procedure 4(e)(1) provides that service in federal court may be effected through any means allowed by the law of the state where the district court is located or where service is made. Indiana Trial Rule 4.1(A) provides that "[s]ervice may be made upon an individual, or an individual acting in a representative capacity," by the following means: "(1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter; or (2) delivering a copy of the summons and complaint to him personally; or (3) leaving a copy of the summons and complaint at his dwelling house or usual place of abode; or (4) serving his agent as provided by rule, statute or valid agreement." Service on an organization may be made "upon an executive officer thereof, or if there is an agent appointed or deemed by law to have been appointed to receive service, then upon such agent." Ind. R. Trial P. 4.6(A)(1). Service on a registered agent is governed by Rule 4.1. *See* Ind. R. Trial P. 4.7(2); *Swiggett Lumber*

---

[4] The same facts with no additional detail are stated in an attached declaration signed by Plaintiff's counsel. [DE 12 at 7-9].

*Constr. Co. v. Quandt*, 806 N.E.2d 334, 337 (Ind. Ct. App. 2004). "Whenever service is made under Clause (3) or (4) of subdivision (A)," a copy of the summons and the complaint also must be sent "by first class mail, to the last known address of the person being served." Ind. R. Trial P. 4.1(B). Also relevant here is Indiana Trial Rule 4.5, providing for service upon an Indiana resident "who cannot be served personally or by agent in this state and either cannot be found, has concealed his whereabouts or has left the state." In that situation, "summons may be served in the manner provided by Rule 4.9 (summons in in rem actions)," which provides for service by the additional means of "service by publication pursuant to Rule 4.13." *See* Ind. R. Trial P. 4.5, 4.9. Finally, Indiana Trial Rule 4.14 permits the court to "make an appropriate order for service in a manner not provided by these rules or statutes when such service is reasonably calculated to give the defendant actual knowledge of the proceedings and an opportunity to be heard." Ind. R. Trial P. 4.14 ("Special Order of Court").

Indiana case law clarifies that these service rules are discretionary, given their provision that service "may be made" in the manner set forth; what matters is whether the method used "is reasonably calculated to inform the person to be served that an action has been instituted against him," consistent with due process. *Washington v. Allison*, 593 N.E.2d 1273, 1275 (Ind. Ct. App. 1992) (quoting Indiana Trial Rules 4.1 and 4.15(F)). A service that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to be heard," satisfies due process for the purposes of the court obtaining personal jurisdiction over the defendant, even if it fails to actually give notice in a specific case. *Id.* (quoting *Buck v. P.J.T.,* 182 Ind. App. 71, 72–73, 394 N.E.2d 935, 936 (1980)); *see also Swaim v. Moltan Co.*, 73 F.3d 711, 720-21 (7th Cir. 1996) (same, citing *Washington*, and observing: "Service of

process that is reasonably calculated to inform, consistent with the letter of Trial Rule 4.15(F), is sufficient even if it fails to actually inform the party to which it is directed")).

Based on the existing record, the Court is unable to determine the reason for Plaintiff's request under Rule 4.14 for a "Special Order of Court" allowing service in the manner stated—certified mail and regular first class mail to the two addresses where the SPS attempted personal service. As to the request for alternative service in the form of certified mail, Indiana Trial Rule 4.1(A)(1) already allows the use of certified mail, return receipt requested, as a matter of course. A special order of court pursuant to Rule 4.14 is not required. To the extent that the motion is seeking a court order to allow service by certified mail without a return receipt, Plaintiff has not explained how that method of service is reasonably calculated to apprise Defendants of the pending action. In fact, if there is no return receipt indicating that the certified mailing was received, then that would seem to indicate the opposite--i.e., that Defendants were *not* apprised of the pending action as a result of the certified mailing.

As to the request for service by first class mail, Indiana Rule 4.1(B) already provides for service by first class mail "to the last known address of the person being served," as an additional requirement to service under Rule 4.1(A)(3) of "leaving a copy of the summons and complaint at [the defendant's] dwelling house or usual place of abode." There is no indication in Plaintiff's motion, however, that the SPS left a copy of the summons and complaint at either of the addresses when he attempted service there. Nevertheless, should Plaintiff wish to pursue this method of service, a special order of court pursuant to Rule 4.14 is not required.

Beyond the above, Plaintiff's assertion in the motion that the requested certified mail and regular mail "is reasonably calculated to give Defendants actual knowledge of the proceedings and provide them an opportunity to be heard," is conclusory, and fails to explain why that would be

6

the case when Plaintiff acknowledges that service was previously attempted at both locations without success. If Plaintiff has reason to believe based upon investigation that either of the addresses in question are Defendant Marino's "dwelling house or usual place of abode," then he needs to explain the basis for that belief. Moreover, in that case, it would seem that a special court order pursuant to Trial Rule 4.14 allowing an alternative means of service would not be necessary because the SPS could have left the summons and complaint at Marino's residence followed by mailing a copy by first class mail to Defendant Marino's "last known address." *See* Ind. R. Trial P. 4.1(A)(3), 4.1(B). If Plaintiff does not know whether either address is Defendant Marino's "dwelling house or usual place of abode," then he needs to explain the factual basis for his asserted belief that service by any method at either of those locations "will certainly inform Defendants of these proceedings." [DE ¶ 12].

## CONCLUSION

For the foregoing reasons,

1. The Court **GRANTS** Plaintiff's Second Motion for Extension of Time For Service Pursuant to Fed. R. of Civil Pro. Rule 4 and Indiana Rules of Trial Procedure Rule 4.1 [**DE 11**], and **EXTENDS** the deadline for service to **December 26, 2023**.

2. Plaintiff's Motion for Alternative Service **[DE 12]** is **TAKEN UNDER ADVISEMENT** to allow Plaintiff to supplement by affidavit or sworn declaration the factual grounds for requesting a court order for alternative service, including specific information that would support a finding that the alternative service proposed in the present motion is reasonably calculated to apprise Defendants of this pending action. Plaintiff may also file an amended motion for supplemental service if he wishes to request a different method of alternative service than the proposed methods in the current motion, which amended motion must be supported with an

7

affidavit or sworn declaration setting forth with specificity the factual basis for any contention that the amended proposed alternative service is reasonably calculated to apprise Defendants of this pending action. Any supplemental or amended motion for alternative service should be filed on or before **November 27, 2023**.

    So ORDERED this 31st day of October, 2023.

                                       s/ Joshua P. Kolar  
                                       MAGISTRATE JUDGE JOSHUA P. KOLAR  
                                       UNITED STATES DISTRICT COURT